# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VINCENT C. DONOVAN,**

        **Plaintiff,**

        v.                        **Case No. 07-C-105**

**BUREAU OF PRISONS,**

        **Defendant.**

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

On October 19, 1992, the Honorable J.P. Stadtmueller sentenced Vincent C. Donovan ("Donovan") to 212 months imprisonment and waived the costs of incarceration, community confinement, or supervision. (Docket No. 1 at 9-10.) When Donovan was released from confinement, he was placed at Parsons House, a community corrections center in Milwaukee. The Bureau of Prisons required Donovan to pay 25% of his gross income towards the costs of his community confinement. (Docket No. 1 at 3.)

On October 18, 2006 and December 26, 2006, Donovan filed motions in his underlying criminal case, (E.D. Wis. Case No. 91-CR-265), requesting Judge Stadtmueller to instruct the BOP to "abide by this Court's Order of waiver and to reimburse Mr. Donovan the payments already tendered . . . . [or,] [i]n the alternative, Donovan requests an injunction preventing the community correction center or BOP from collecting subsistence payments until resolved by the Court." (Case No. 91-CR-264, Docket No. 235 at 3; see also Docket No. 236 at 3). Judge Stadtmueller has not taken any action on these motions and they remain pending.

On January 30, 2007, Donovan, proceeding pro se, filed a complaint seeking reimbursement from the Bureau of Prisons ("BOP") of the $2,064.00 he paid. On August 1, 2008, the defendant filed a motion to dismiss the complaint on the basis that Donovan failed to exhaust his administrative remedies. (Docket No. 11.) Donovan responded, (Docket No. 16, 19), and the defendant has replied, (Docket No. 20). The pleadings on the defendant's motion to dismiss are now closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

The Federal Tort Claims Act ("FTCA") requires that a plaintiff exhaust his administrative remedies before filing suit against the federal government. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993). If a plaintiff fails to exhaust administrative remedies, the district court lacks jurisdiction over his claim, and the complaint must be dismissed. Charlton v. United States, 743 F.2d 557, 558 (7th Cir. 1984); Eaton v. United States, 178 F.3d 902, 904 (7th Cir. 1999). The procedures that a plaintiff must follow to comply with the administrative exhaustion requirement are set forth in 28 C.F.R. § 14.2(a), which states:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

Donovan attached to his response to the defendant's motion to dismiss a copy of a letter dated September 12, 2006, titled "RE: BOP's collection of community confinement subsistence charge in my case violates judge's waiver Order." (Docket No. 19 at 5.) In his response, Donovan describes this document as an appeal of the "CCC Program Director's denial of the administrative

remedy." (Docket No. 19 at 1.) Donovan states he has not received a response from the BOP regarding this appeal. (Docket No. 19 at 1.)

The defendant replies that, at most, Donovan's exhibits demonstrate that he has pursued his internal BOP administrative remedies, see 28 C.F.R. § 542 et. seq., which is the means by which an inmate addresses complaints regarding his imprisonment, and is the administrative process an inmate must exhaust before filing suit under the Prisoner Litigation Reform Act pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The BOP argues that this administrative process is entirely distinct from the administrative process that a plaintiff must exhaust before bringing a claim under the FTCA.

The Bureau of Prisons has developed different administrative procedures depending upon the relief requested. See 28 C.F.R. part 542, subpart B (aspects of confinement); 28 C.F.R. part 543, subpart C (tort claims); 28 C.F.R. part 301 (Inmate Accident Compensation claims); 28 C.F.R. part 513, subpart D (Freedom of Information Act or Privacy Act requests). Courts have held that these administrative procedures are distinct and not interchangeable. See Gaughan v. U.S. Bureau of Prisons, 2003 WL 1626674, *2 (N.D. Ill. 2003); Owusu v. Federal Bureau of Prisons, 2003 WL 68031, *2 (S.D.N.Y 2003) (citing Funches v. Reisch, 1998 WL 695904, *9 (S.D.N.Y. 1998)).

Because the plaintiff seeks repayment of money he alleges he was wrongfully required to pay, the plaintiff appropriately brought this action pursuant to the Federal Tort Claims Act and therefore 28 C.F.R. part 543, subpart C applies. 28 C.F.R. § 543.30 states:

> Pursuant to the Federal Tort Claims Act, a claim for money damages for personal injury or death and/or damage to or loss of property must be filed against the United States by the injured party with the appropriate Federal agency for administrative action. General provisions for processing administrative claims under the Federal Tort Claims Act are contained in 28 CFR part 14. The provisions in this subpart describe the procedures to follow when filing an administrative tort claim with the Bureau of Prisons.

3

An inmate seeking to bring a claim under this section may file his claim by mailing the appropriate form, which is available at all BOP institutions, to the regional office in the region where the claim occurred. 28 C.F.R. §543.31(b)-(c). Once the inmate has appropriately filed his claim, he will receive an acknowledgement letter and a claim number. 28 C.F.R. § 543.32(a). The claim will then be investigated and reviewed by the Regional Counsel or his or her designee. 28 C.F.R. § 543.32(c)-(d). If the claim is denied by the Regional Counsel, the inmate may seek reconsideration. 28 C.F.R. § 543.32(g). If dissatisfied with the final agency action, the inmate may then file suit in federal court. Id. If the claim is not resolved by the Regional Counsel within six-months, the inmate may presume that the claim was denied and thus may file suit in federal court. 28 C.F.R. § 543.32(i).

This procedure is distinct from the administrative procedures available to an inmate or former inmate seeking to challenge issues regarding his confinement. See 28 C.F.R. § 542.10. An inmate in a Community Corrections Center challenging issues relating to his confinement must first file his complaint in accordance with the procedures established the Community Corrections Manager or by mailing the complaint to the Community Corrections Manager. 28 C.F.R. §§542.11(a), 542.14(c)(4).

If the inmate is not satisfied with the response he received to his complaint on the institutional level, he may appeal this decision to the appropriate Regional Director. 28 C.F.R. §542.15. If the inmate is not satisfied with the Regional Director's response, he may appeal to the General Counsel. Id. The decision of the General Counsel is the final step in the administrative appeal process. Id.

Based upon the plaintiff's response and the documents he appended to that response, it is unclear precisely what steps in the administrative process Donovan has completed. According to his response, the last step Donovan completed was on September 12, 2006 when he "appealed the CCC

4

Program Director's denial of the administrative remedy." (Docket No. 19 at 1.) Donovan states he has not received a response from that appeal. (Docket No. 19 at 1.) However, appended to his response is an undated and unaddressed letter that begins, "This is an appeal from the December 16, 2006, denial of my administrative appeal to the BOP's Community Corrections Office-Chicago ("CCM")." (Docket No. 19 at 6.)

The BOP has submitted a document dated September 7, 2006 signed by a "Program Director" stating that the BOP interpreted the court's order as not waiving Donovan's federal subsistence payments and stating that if he disagreed with this determination that he could appeal to the Community Corrections Manager. (Docket No. 16-2.) The BOP also submitted the affidavit of Vincent E. Shaw ("Shaw"), Senior Attorney-Advisor with the BOP at the Metropolitan Correctional Center in Chicago. (Docket No. 16.) Shaw states that he has reviewed the computerized database of all administrative claims brought under the FTCA for the region that includes Milwaukee and has not identified any administrative claims brought by the plaintiff under the FTCA. (Docket No. 16.)

As a threshold matter, the court is presented with the question of which party bears the burden with respect to the question of exhaustion.

> While other courts have placed the burden of proof on the exhaustion issue with the defendant, it does not appear that the Seventh Circuit has specifically addressed the issue under the FTCA. See Tanter v. Dep't of the Interior, 432 F.Supp.2d 58, 63 (D.D.C. 2006). However, in other contexts, courts in this circuit have generally treated failure to exhaust administrative remedies as an affirmative defense, which the defendant must prove. See Obriecht v. Raemisch, 517 F.3d 489, 492 (7th Cir. 2008) (placing the burden on the defendant in the context of prisoner litigation brought under 42 U.S.C. § 1983); Salas v. Wisconsin Dep't of Corrections, 493 F.3d 913, 922 (7th Cir. 2007) (placing the burden on the defendant in a Title VII action).

Neuman v. United States, 2008 U.S. Dist. LEXIS 59437 (S.D. Ill. 2008). In light of the fact that the Seventh Circuit has consistently held in other contexts that a plaintiff's failure to exhaust is an affirmative defense that the defendant must prove, see e.g., Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006) (citing Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)) ("exhaustion is an

5

affirmative defense, and consequently the burden of proof is on the prison officials."), this court finds no reason to conclude that a different burden should be imposed for claims under the FTCA.

Based upon the evidence submitted, the court finds that the defendant has met its burden of proof. The BOP's database of claims brought under the FTCA does not contain any record of a claim filed by Donovan. Donovan does not dispute this; he simply provides inconclusive records indicating that he took certain steps in the BOP's administrative review process for claims relating to aspects of his confinement. Piecing together the various documents submitted to the court, it appears that Donovan took the following steps regarding his claim:

Prior to September 7, 2006, Donovan submitted his claim to a Program Director. (Docket No. 16-2.) On September 7, 2006, the Program Director denied Donovan's claim and instructed him to appeal to the Community Corrections Manager if he was unsatisfied. (Docket No. 16-2.) On September 12, 2006, Donovan appealed to, the court assumes, the Community Corrections Manager. (Docket No. 19 at 1, 6.) This appeal was denied on December 16, 2006. (Docket No. 19 at 6.) Donovan then appealed, (Docket No. 19 at 6), but it is unclear to whom he appealed. The next step in the process would an appeal to the Regional Director, 28 C.F.R. § 542.15, and therefore the court shall presume that this is to whom the plaintiff appealed. Donovan alleges that he received no response and does not allege that he has pursued any further remedies.

This administrative path is the proper path for an inmate to exhaust a claim relating to an aspect of his confinement, but it is not the proper path for an inmate to exhaust a claim under the FTCA. The fact that the BOP has numerous divergent administrative processes is not meant to act as a trap to unwary litigants. Rather, it is designed to ensure more efficient processing of inmate claims. See Gaughan v. U.S. Bureau of Prisons, 2003 WL 1626674, *2 (N.D. Ill. 2003). In fact, 28 C.F.R. § 542.10(c) states, "If an inmate raises an issue in a request or appeal that cannot be resolved

6

through the Administrative Remedy Program, [(28 C.F.R. part 542, subpart B)] the Bureau will refer the inmate to the appropriate statutorily-mandated procedures."

Donovan never requested a sum certain, as is required for claims under the FTCA, but instead requested "that this Office instruct officials at the Parsons House and/or BOP to honor the court's Order of waiver and to reimburse me the payments already made as such a collection would clearly violate the sentencing judge's Order of waiver." (Docket No. 19 at 5.) Thus, it was evident that Donovan was pursuing his administrative remedies regarding an aspect of his confinement, see 28 C.F.R. part 542, subpart B, rather than his tort remedies, see 28 C.F.R. part 543, subpart C., and therefore, assuming that the BOP had an affirmative duty to inform Donovan he had not chosen the proper path to exhaust a claim under the FTCA, there was not sufficient reason for the BOP to conclude that Donovan intended to pursue a FTCA claim.

Finally, even if the court were to break from other courts and conclude that exhaustion under 28 C.F.R. part 542, subpart B is sufficient to provide the court with jurisdiction in a case brought under the FTCA, the court would nonetheless conclude that it lacks jurisdiction over Donovan's claim because the record is clear that Donovan has failed to exhaust his 28 C.F.R. part 542, subpart B, remedies. At most, Donovan appealed to the Regional Director. Donovan admits he did not take any further action beyond this. (Docket No. 19 at 1.) Thus, Donovan failed to appeal to the General Counsel, which is the final step in the administrative appeal process and is necessary to exhaust his administrative remedies. See 28 C.F.R. § 542.15.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss, (Docket No. 11), is **granted**. The plaintiff's complaint is hereby dismissed without prejudice.

Dated at Milwaukee, Wisconsin this 16th day of October 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge